19 F.3d 1442
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Willie Roger GUIDRY, Defendant-Appellant.
 No. 90-50633.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 8, 1994.*
Decided March 16, 1994.
 
 Before: WALLACE, Chief Judge; FARRIS, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Willie Roger Guidry contends that the district court improperly limited his ability to present his diminished capacity defense. We affirm.
 
 
 3
 We review for an abuse of discretion a district court's decision to exclude psychiatric evidence. United States v. Rahm, 993 F.2d 1405, 1410 (9th Cir.1993) (citing United States v. Aguon, 851 F.2d 1158, 1171 (9th Cir.1988) (en banc)). Although the district court denied Guidry's pretrial motion to introduce psychiatric testimony regarding his diminished mental capacity, Guidry nonetheless was able to introduce this testimony at trial. Unable to assert that the district court excluded this evidence, Guidry argues that the court abused its discretion in limiting the extent of the testimony on this issue. We reject the argument.
 
 
 4
 Dr. Annette Kyle-Vega testified about Guidry's mental disabilities, the history of his psychiatric treatments, and the medication he takes to control his mental illness. She told the jury that Guidry "responds to stress by becoming anxious and agitated, confused and disoriented and unable to cope." She further testified that Guidry is addicted to drugs, alcohol, sex, and women, and that when he is obsessed with a woman he becomes gullible and very naive.
 
 
 5
 In closing argument, defense counsel reiterated Dr. Kyle-Vega's testimony about Guidry's mental illness and argued that this explained how Guidry could have been carrying the suitcase without knowing it contained cocaine. When defense counsel began to review Dr. Kyle-Vega's testimony about Guidry's gullibility with women he loved, the government objected. The district court overruled the objection and allowed defense counsel to continue with this line of argument.
 
 
 6
 The record indicates that regardless of the district court's denial of Guidry's pretrial motion, the court allowed him to make his diminished capacity argument to the jury.
 
 
 7
 We review de novo when a district court rejects a defendant's proposed jury instruction, and "the ultimate issue is whether 'other instructions, in their entirety, adequately cover that defense theory.' " United States v. Gomez-Osorio, 957 F.2d 636, 642-43 (9th Cir.1992) (quoting United States v. Whitehead, 896 F.2d 432, 434 (9th Cir.), cert. denied, 498 U.S. 938 (1990)). Although the district court rejected Guidry's proposed jury instruction regarding Guidry's mental state at the time of the offense, the court's mens rea instruction adequately covered Guidry's defense theory. The court advised the jury that it must consider all the evidence in determining whether Guidry knowingly possessed cocaine with the intent to deliver it to another person.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3